(53 Misc. Rep. 26)

## BURRITT v. BURRITT.

(Supreme Court, Special Term, Erie County. January, 1907.)

REFERENCE—REPORT—TIME FOR REPORT.

 Code Civ. Proc. § 1019, provides that, on a trial by a referee, his written report must be either filed or delivered to the attorney for one of the parties within 60 days from the time when the cause is finally submitted; otherwise, either party may elect to end the reference. Section 1023 provides that before the cause is finally submitted to the referee, or within such time afterwards and before the report is rendered as the referee allows, the attorney for either party may submit proposed findings of fact and conclusions of law. The hearings before the referee were terminated on September 29, 1906. It was agreed between the attorneys that the case was to be submitted on briefs within 20 days after the stenographer's minutes were delivered to them. Plaintiff's attorney received the minutes October 12th or 13th, and on October 25th sent to the referee a brief, inclosed in a letter saying that he would submit within a few days proposed findings of fact and conclusions of law. November 2d plaintiff's attorney forwarded his proposed findings, with a letter saying that he had sent the brief several days before and now inclosed his proposed findings. December 31st, the referee's report not having been filed nor delivered to the attorney of either party, plaintiff served notice that he elected to end the reference. Defendant's attorney took up the report not later than January 1, 1907. *Held,* that plaintiff's attorney, from his course of conduct, was not entitled to maintain that the case was finally submitted to the referee by him prior to the date when he submitted his proposed findings, and hence the report was made and delivered within the required 60 days.

Action for divorce by Mabel W. Burritt against Jacob L. Burritt. Motion by plaintiff to vacate and set aside the referee's report, on the ground that the referee had delayed filing his report or delivering the same to one of the attorneys within 60 days from the time the cause was finally submitted. Motion denied.

John J. Kuhn, Wm. Victor Goldberg, and Manton M. Wyvell, for the motion.

W. W. Waring, opposed.

POUND, J. The hearings before the referee in this action were terminated on September 29, 1906. At the close of the evidence it was agreed between the attorneys for the respective parties that the case was to be submitted on briefs within 20 days after the stenographer's minutes were written out and delivered to the parties. The stenographer's minutes were written out and sent by express to the attorneys for the respective parties on the 5th day of October, 1906, but the copy sent to defendant's attorney was not actually received by him until October 12th or 13th, 1906. On October 25, 1906, plaintiff's attorney sent to the referee the plaintiff's brief and exhibits and the pleadings in the case, inclosed in a letter in which he says:

"I shall submit within a few days proposed findings of fact and conclusions of law."

Under date of November 2, 1906, plaintiff's attorney forwarded his proposed findings, with a letter which reads as follows:

"Several days ago I sent you our brief of plaintiff in the case of Burritt v. Burritt, which was tried before you as referee. I now enclose proposed findings of fact and conclusions of law, which I hope you will sign."

On December 31st, the report of the referee having been prepared, but not having been filed with the clerk, nor delivered to the attorney of either of the parties, plaintiff's attorney served a notice upon the attorney for the adverse party that he elected to end the reference, on the ground that the referee had delayed filing his report or delivering the same to one of the attorneys within 60 days from the time that the cause was finally submitted to him for determination. Defendant's attorney took up the report not later than January 1, 1907, less than 60 days after plaintiff submitted his requests to find.

Plaintiff's attorney is not in a position to maintain that the case was finally submitted to the referee by him prior to the date when he submitted his request to find, which was not earlier than November 2, 1906, and he could not avail himself of the privilege of terminating the reference, under the provisions of section 1019 of the Code of Civil Procedure, within 60 days from that date.

Section 1023 of the Code of Civil Procedure provides:

"Before the cause is finally submitted to the court or the referee, or within such time afterwards, and before the decision or report is rendered, as the court or referee allows, the attorney for either party may submit, in writing, a statement of the facts which he deems established by the evidence, and of the rulings upon questions of law which he desires the court or the referee to make."

Plaintiff's attorney, it would seem from his letters, did not regard the case as being finally submitted to the referee by him until he had submitted his proposed findings of fact and conclusions of law. So far as he is concerned, at least, the time began to run from that date.

The report of the referee was, therefore, made and delivered before the expiration of 60 days from final submission, and the attempt to terminate the reference was ineffectual, and the motion to set aside the report must be denied.